Catron, Ch. J.
delivered the opinion of the court.
Was the new trial properly refused? Nothing has been •better settled for centuries in England, than that after a juror is once sworn, he cannot be challenged for any pre-existing cause. 1 Inst. 158: 3 Vin. Ab. 11, 764: Yelverton’s Rep. 24: 1 Yerg. Rep. 219: No higher authority of what the criminal law, and its practice is, can be referred to than Hawkin’s Pleas of the Crown, .who lays down the rule to be, “That no jprpr can he challenged, either by the king or the prisoner, without .consent, after he has been sworn, unless it be for some cause which happened since he was sworn. 2 Hawk. P. C. 43. Nor is want of knowledge an exception to the .general rule. The King vs. Watson, Yelverton’s Rep. 24: M’Clure vs. The State, 1 Yerg. Rep. 219: furthermore; by the common law, an indictor was a competent traverse juror, to alter which it was enacted by the 25 Eliz. ch. 3, “That no indictor shall be put on inquests upon deliverance of the indictors of felony or trespass, if he be challenged for the same cause by him who is indicted. 3 Bac. Ab. 757, Jury 5. If the juror be not challenged, he is competent to try the issue; por can it be permitted to let the defendant annul the verdict against him, on his affidavit of want of knowledge: affidavits always to be had in cases of convicted felons, and which are - not subject to be disproved. But in this case the record evidence in the cause, shows who the grand-jurors that found the indictment were, and the defendants cannot be heard to say they neglected to inform themselves personally or by counsel of the fact: the Jaw fixes them with knowledge.
*509 To hold otherwise than as above would sap the foun- , . _ . .... . ...... clations of the-trial by jury: a party m a" civil or criminal cause, (the rule being the same in each,) could elect one or more jurors whom he had the right to challenge, because, for instance, the juror had formed and expressed an opinion against him, and make an experiment: on the failure of which, make an affidavit, showing the fact of incompetency, and stating the want of knowledge until it was too late to challenge the juror, when a new trial will .be granted of course. Such a contrivance could be practiced in most criminal trials of the higher grades, where the triors generally of the county having jurisdiction, had formed and expressed opinions on the merits of the cause, and when so many jurors are presented who are not householders, or open to challenge for other reasons. 'The judgment will be affirmed.
Judgment affirmed.